ORIGINAL

Prob 12C
Rev. 1/06 D/HI)

# SEALED BY ORDER OF THE COURT
## United States District Court

**for the**

**DISTRICT OF HAWAII**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 02 2007

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

U.S.A. vs. PETER KAWIKA MAHI                              Docket No. CR 03-00396SOM-01

## REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW KEVIN S. TERUYA, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of PETER KAWIKA MAHI who was sentenced to supervised release by the Honorable Susan Oki Mollway sitting in the Court at Honolulu, Hawaii, on the 7th day of May 2004, who fixed the period of supervised release at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed the special conditions and term as follows:

1.  That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2.  That the defendant is prohibited from possessing any illegal or dangerous weapons.

3.  That the defendant provide the Probation Office access to any requested financial information.

4.  That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

On 4/18/2006, a Request for Modifying the Conditions of Supervision With Consent of the Offender was filed modifying the General Conditions of supervision as follows:

That the defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.


SEALED
BY ORDER OF THE COURT

Prob 12C
(Rev. 1/06 D/HI)

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the offender has violated the conditions of his Supervised Release as follows:

1.  That on or about 9/11/2007, the offender engaged in conduct constituting four separate counts of Promoting a Dangerous Drug in the Third Degree, as charged in Counts 1, 3, 5, and 7 in a Complaint filed on 9/13/2007 in District Court of the Third Circuit, all in violation of Hawaii Revised Statutes § 712-1243(1) and the General Condition.

2.  That on or about 9/11/2007, the offender engaged in conduct constituting four separate counts of Prohibited Acts Related to Drug Paraphernalia, as charged in Counts 2, 4, 6, and 8 in a Complaint filed on 9/13/2007 in District Court of the Third Circuit, all in violation of Hawaii Revised Statutes § 329-43.5 and the General Condition.

3.  That on or about 9/11/2007, the offender engaged in conduct constituting a single count of Attempted Methamphetamine Trafficking in the Second Degree, as charged in Count 9 in a Complaint filed on 9/13/2007 in District Court of the Third Circuit, in violation of Hawaii Revised Statutes §§ 705-500(1)(b) and 712-1240.8 and the General Condition.

4.  That on or about 9/11/2007, the offender illegally possessed a controlled substance and/or paraphernalia related to a controlled substance, as charged in Counts 1 through 9 in a Complaint filed on 9/13/2007 in District Court of the Third Circuit, in violation of the General Condition and/or Standard Condition No. 7.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the offender be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 1/06 D/HI)

3

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a NO BAIL Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked.  The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   9/26/2007

KEVIN S. TERUYA
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked.  The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

Considered and ordered this 26th day of September, 2007, and ordered filed and made a part of the records in the above case.

SUSAN OKI MOLLWAY
U.S. District Judge

Re:    **MAHI, Peter Kawika**
       **Criminal No. CR 03-00396SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

The offender pled guilty to Unlawful Possession of a Firearm, a Class C felony. On 5/7/2004, he was sentenced to twenty-four (24) months imprisonment to be followed by three (3) years of supervised release. The terms and conditions of supervised release include those listed on the facesheet of this petition. The offender's term of supervised release began on 4/25/2005. On 4/18/2006, a Request for Modifying the Conditions of Supervision With Consent of the Offender was filed modifying the General Conditions of supervision as listed on the facesheet.

The offender is 33 years old and has been on supervised release for approximately 29 months. Since his release, the offender has lived in the Volcano and Panaewa areas of the island of Hawaii. The offender's latest official residence of record was 61 Paipai Street, Hilo, Hawaii. The offender's most recent employment was as a laborer at Alii Coffee for Francis Marques. The offender has completed substance abuse treatment at the Drug Addiction Services of Hawaii, Inc. (DASH).

The violations are as follows:

**Violation No. 1 - Conduct Constituting Four Separate Counts of Promoting a Dangerous Drug in the Third Degree; Violation No. 2 - Conduct Constituting Four Separate Counts of Prohibited Acts Related to Drug Paraphernalia; Violation No. 3 - Conduct Constituting One Count of Attempted Methamphetamine Trafficking in the Second Degree; and Violation No. 4 - Illegal Possession of a Controlled Substance and/or Paraphernalia Related to a Controlled Substance:**
On 9/11/2007, the U.S. Probation Office received information that the offender had been arrested by the Hawaii County Police Department (HCPD). HCPD Arrest Report No. C07029407 indicates that sometime prior to 9/1/2007, HCPD received information that Maria Spencer (Spencer) and Peter Mahi (Mahi) were distributing methamphetamine from a shack located at the rear of a property located at 61 Paipai Street, Hilo, Hawaii. A search warrant was obtained for the property in question.

On 9/11/2007, HCPD executed the search warrant. While passing the garage area and approaching the shack at the rear of the property, HCPD observed a male in the doorway, later identified as Arnold Abot (Abot). HCPD informed Abot of the search warrant and asked as to the whereabouts of Spencer and Mahi. While being patted down, Abot pulled out a pack of cigarettes and stated that this was all he had on him. A search of the cigarette pack resulted in the recovery of a clear yellow ziplock baggie containing 0.2 gram of what was later determined via field test to be crystal methamphetamine.

Re:    **MAHI, Peter Kawika**
       **Criminal No. CR 03-00396SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 2**

Upon entering the shack itself, HCPD observed Mahi lying on a bed in the rear, left corner, and Spencer seated on a love-seat sofa.  HCPD reports described the shack as a 12-by-12-foot square structure with a love-seat sofa immediately to the left, a table and small refrigerator to the right, a night stand in the middle, and a bed in the back left corner.  Of special note was a TV monitor with a security camera, which was mounted to a banana tree and facing toward the front of the property where the occupants of the shack could observe anyone walking towards the shack.

A search of the premises resulted in the recovery of the following:  two film containers taped bottom-to-bottom with duct tape with the capped openings facing outward in a drawer of the night stand (**Violation Nos. 2 and 4**); the two film containers held six packets each containing 0.2 gram of methamphetamine (**Violation Nos. 1 through 4**); a clear red packet containing 0.2 gram of methamphetamine was recovered from a green neoprene pouch found in a purse on the bed, which also contained Spencer's identification (**Violation Nos. 1 and 3**); a metal scraping rod, blue sponge, a plastic straw, Hawaii identification certificate for Spencer, and more ziplock packets were also recovered from within the neoprene pouch (**Violation Nos. 2 and 3**); 0.1 gram of methamphetamine was recovered from an "ice" pipe found between the mattress and box spring of the bed in the shack (**Violation Nos. 1, 2, and 4**); and various other paraphernalia, including a digital scale, metal rods, straws, and ziplock containers (**Violation Nos. 2 and 4**).  All substances mentioned were field tested and positive for the presence of methamphetamine.

Spencer requested an attorney post-arrest and did not make a statement.

Mahi provided HCPD with a post-arrest statement.  Mahi acknowledged that the methamphetamine found in the night stand drawer, and the purse, pipe, and cigarette pack found on Abot, were his.  HCPD informed Mahi that they did controlled buys and Mahi acknowledged.  Mahi stated that he deals because he has nothing to do.  He hurt his back at work years ago and he cannot work and that he cannot collect compensation from the government.  Mahi stated that he deals to make money because he is not going to live off of anybody.  Mahi stated that he still uses and that he just does not care if he goes back to federal prison because there is nothing for him on the outside.  HCPD investigators informed Mahi that Spencer was also arrested.  Mahi stated that if HCPD did prior buys, they know that they bought from him and that she does not deal.  When asked about the methamphetamine found in the cigarette pack, Mahi admitted that Abot had asked him for a cigarette and he had given Abot the pack, not realizing that there was methamphetamine inside (**Violation Nos. 1 and 2**).

Re:    **MAHI, Peter Kawika**
       **Criminal No. CR 03-00396SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 3**


State of Hawaii Third Circuit Court, Hilo District, records indicate that the offender is being held in lieu of $26,000 bond, as of this writing. The offender is currently charged with four counts of Promoting a Dangerous Drug in the Third Degree, in violation of Hawaii Revised Statutes § 712-1243(1), and four counts of Prohibited Acts Related to Drug Paraphernalia, in violation of Hawaii Revised Statutes § 329-43.5, and one count of Attempted Methamphetamine Trafficking in the Second Degree, in violation of Hawaii Revised Statutes §§ 705-500(1)(b) and 712-1240.8. The offender waived a finding of probable cause at a preliminary hearing and remains in custody pending trial.

Based on the offender's violations, it is recommended that the Court issue a No Bail warrant for his appearance to show cause why supervised release should not be revoked.

                              Respectfully submitted by,


                              _____
                              KEVIN S. TERUYA
                              U.S. Probation Officer


Approved by:


_____
GENE DeMELLO, JR.
Supervising U.S. Probation Officer

KST/pts

Re:   **MAHI, Peter Kawika**
       **Criminal No. CR 03-00396SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 4**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

     There do not appear to be any circumstances that warrant imposition of additional conditions at this time.

PROB 7A
(Rev. 9/00; D/HI 7/02)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

### FOR THE

### DISTRICT OF HAWAII

To:     Peter Kawika Mahi
Address:  115 Kapiolani Street
        Hilo, Hawaii  96720

Docket No.  CR 03-00396SOM-01

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Susan Oki Mollway, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of THREE (3) YEARS commencing upon release from confinement (4/25/05).

While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[✓]     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)     The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)     The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)     The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)    The defendant shall support his or her dependents and meet other family responsibilities;

(5)    The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)    The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)    The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)    The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)   The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)   The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

(1)    *That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.*

(2)    *That the defendant is prohibited from possessing any illegal or dangerous weapons.*

**(special conditions continued on next page)**

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _Peter K Mahi_          _2/16/05_
              PETER KAWIKA MAHI          Date
                    Defendant

                                             _2/16/05_
              LISA K.T. JICHA            Date
            U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 7/02)

RE:    MAHI, Peter Kawika
       Docket No. CR 03-00396SOM-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

(3)    *That the defendant provide the Probation Office access to any requested financial information.*

(4)    *That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.*

        These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)  *Peter K Mahi*                    2/16/05
          PETER KAWIKA MAHI                 Date
                Defendant

          *[signature]*                     2/14/05
          LISA K.T. JICHA                   Date
          U.S. Probation Officer

PROB. 12B
(7/93)

RECEIVED
U.S. PROBATION OFFICE
HONOLULU, HAWAII

'06 APR 18 P 3:24

# United States District Court

## for the

## DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 1 8 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

## Request for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
### (Probation Form 49, Waiver of Hearing is Attached)

Name of Offender: PETER KAWIKA MAHI        Case Number: CR 03-00396SOM-01

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
                                       U.S. District Judge

Date of Original Sentence: 5/7/2004

Original Offense:   Count 1:  UNLAWFUL POSSESSION OF A FIREARM, in violation
                    of 18 U.S.C. § 922(g)(3), a Class C felony

Original Sentence:   The defendant is hereby committed to the custody of the
                     United States Bureau of Prisons to be imprisoned for a total term of
                     24 months.  Upon release from imprisonment, the defendant shall
                     be on supervised release for a term of 3 years with the following
                     special conditions:  1) That the defendant participate in a
                     substance abuse program, which may include drug testing at the
                     discretion and direction of the Probation Office; 2) That the
                     defendant is prohibited from possessing any illegal or dangerous
                     weapons; 3) That the defendant provide the Probation Office
                     access to any requested financial information; and 4) That the
                     defendant shall submit his person, residence, place of
                     employment, or vehicle to a search conducted by the
                     U.S. Probation Office at a reasonable time and in a reasonable
                     manner, based upon reasonable suspicion of contraband or
                     evidence of a violation of a condition of supervision.  Failure to
                     submit to a search may be grounds for revocation.  The defendant
                     shall warn any other resident that the premises may be subject to
                     search pursuant to this condition.

Type of Supervision: Supervised Release     Date Supervision Commenced: 4/25/2005

Prob 12B
(7/93)

## PETITIONING THE COURT

[✓]     To modify the conditions of supervision as follows:

**General Condition**:     That the defendant shall refrain from any unlawful use of a
controlled substance.  The defendant shall submit to one
drug test within 15 days of the commencement of
supervision and at least two drug tests thereafter but no
more than eight valid drug tests per month during the term of
supervised release, unless there is a positive drug test, in
which event the maximum shall increase to up to one valid
drug test per day (mandatory condition).

## CAUSE

The offender is not in violation of his conditions of supervised release; however,
based on the offender's history of substance abuse, we are recommending that his
conditions be modified as reflected above.  Prior to *U.S. v. Stephens*, the offender was
enrolled in random drug testing.  However, due to the ruling in *Stephens*
(*United States v. Stephens*, 9th Circuit 2005), the Probation Office is limited to three
random tests outside of treatment.  Drug testing is the most reliable method for
monitoring the offender's drug use.  The purpose for the modification is so that the
Probation Office could continue to conduct random drug testing at the rate of up to
eight tests per month.  This amount will allow the probation officer to fashion random
drug testing designed to detect drug use while not allowing the offender to predict test
dates.

As to the offender's adjustment, since his release, he has submitted
approximately 35 urine specimens, all of which tested negative for illicit drugs and he
has participated in individual counseling sessions with the Drug Addiction Services of
Hawaii, Inc. (DASH).  He has maintained full-time employment as a painter and is living
in a stable home environment.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised
Release.  The offender waives his right to a hearing and to assistance of counsel.  The
offender agrees to the modification of the conditions of supervised release.  The

Prob 12B
(7/93)

3

offender's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

LISA K.T. JICHA
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date:  4/17/2006

THE COURT ORDERS:

[  ]    No Action
[✓]    The Modification of Conditions as Noted Above
[  ]    Other

SUSAN OKI MOLLWAY
U.S. District Judge

APR 1 7 2006
Date

PROB 49
(5/96)

# United States District Court

## District of Hawaii

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[✓]    To modify the conditions of supervision as follows:

**General Condition:**    *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day (mandatory condition).*

Witness: _____
    LISA K.T. JICHA
    U.S. Probation Officer

Signed: _____
    PETER MAHI
    Supervised Releasee

_____
    4/11/06
    Date